#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARILYN FREITAG, an individual, ) | |
| SHAWN P. JOHNSON, an individual, ) | |
| ROBERT C. LAHMEYER, an individual, ) | |
| KEVIN MEDLIN, an individual, ) | |
| DAVID E. PANNEBAKER, JR., an individual, ) | |
| and GLEN RILEY, an individual, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 04-CV-164-JHP-FHM |
| ) | |
| SONIC AUTOMOTIVE, INC., ) | |
| a Delaware corporation, d/b/a ) | |
| RIVERSIDE TOYOTA, ) | |
| an Oklahoma corporation, ) | |
| ) | |
| **Defendant.** ) | |

#### ORDER and OPINION

Before the Court is Defendant Sonic Automotive, Inc.'s Motion to Strike Plaintiffs' Response to Defendant's Motion for Summary Judgment, Plaintiffs' Response in opposition, and Defendants' Reply thereto. Upon careful consideration of Defendant's Motion, and the relevant circumstances of this case, and for reasons stated herein, Defendant's Motion is GRANTED.

#### Discussion

**I.   History of the Case**

This case originated in Tulsa County District Court in February 2004, and was removed to this Court in March 2004. [Dkt. #1.] After numerous extensions, changes of counsel, and judicial reassignments, a schedule for this case was entered on November 29, 2005. [Dkt. #56.] As part of said schedule, dispositive motions were ordered to be filed no later than July 28, 2006.

Defendant filed a Motion for Summary Judgment on May 18, 2006. [Dkt. #67.]

1

Plaintiffs' Response was due on June 5, 2006. On June 4, Plaintiffs' counsel requested an extension [Dkt. #70], which was unopposed by the Defendants, and a new Response deadline of June 12 was set [Dkt. #72]. Plaintiffs filed a second unopposed motion to extend on June 12 [Dkt. #77], and were granted until June 22 to respond [Dkt. #78]. On June 22, Plaintiffs filed a third unopposed motion [Dkt. #79], and the deadline was moved to July 10 [Dkt. #80]. On July 10, Plaintiffs requested to extend the deadline to July 14. [Dkt. #82.] Defendants did not oppose the fourth motion, but would not agree to any further extensions. The Court granted Plaintiffs until Monday, July 17, 2005, at 4:30 p.m. to file their Response, and noted that no further extensions would be granted. [Dkt. #83.]

Plaintiffs filed their Response at 8:11 p.m. on July 17. [Dkt. 84.] The documents were labeled as the Main Document and 28 exhibits. However, at 10:35 a.m., on July 18, the Court Clerk filed a Notice of Docket Entry Modification, advising Plaintiffs' counsel that the Main Document (*i.e.*, the actual Response brief) had not been filed, but rather, a duplicate copy of Exhibit A was filed in its place. On July 19, Defendant filed the instant Motion to Strike, noting that Plaintiffs had not yet corrected their error. [Dkt. #85.] Even so, Plaintiffs did not file a proper Response to Defendant's Motion for Summary Judgment until 2:54 p.m., on July 21, after a telephone call from the Court Clerk. [Dkt. #86, 87.]

## II.   Defendant's Motion to Strike

Under Fed. R. Civ. P. 12(f), upon a party's motion, or upon the court's own initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In other words, Rule 12(f) simply provides the methodology of raising the insufficiency of a pleading. Id. (advisory committee's note to 1946

amendment). In a similar vein, local rule 7.2(f) states:

> If a dispositive motion is not opposed, the Court may in its discretion either (1) provide an additional eleven days, after which the case will be dismissed or the motion will be deemed confessed, as appropriate, or, (2) in the event the moving party has filed a motion for confession of judgment, such motion may be granted following eleven days after filing. In either event, in the discretion of the Court, the party failing to respond shall be subject to sanctions, including but not limited to all attorney fees and costs incurred by the moving party in connection with such failure to timely oppose the motion.

LCvR7.2(f). Thus, a Motion to Strike and a Motion for Confession of Judgment would seemingly have a similar effect, in that the Court may strike the pleading and/or dismiss the case. The Court notes, however, that the Tenth Circuit may treat this Court's application of its local rules in general, and its treatment of Defendant's Motion to Strike in particular, as a sanction. *See* Reed v. Bennett, 312 F.3d 1190, 1193 (10th Cir. 2002). The Court therefore emphasizes that its ruling herein on Defendant's Motion to Strike is independent of its ruling on Defendant's Motion for Summary Judgment, insofar as the latter Motion will be considered on its merits, and ruled upon in a later Order. *See* id. at 1195 ("[A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is 'appropriate' under Rule 56.").

Defendant moves to strike Plaintiffs' Response as untimely and incomplete. Of course, the Court may accept late filings caused by inadvertence or mistake, after giving "due regard to the totality of the relevant circumstances surrounding the [party's] lapse." Bennett v. City of Holyoke, 362 F.3d 1, 4-5 (1st Cir. 2004) (citing Pioneer Inv. Servs., Inc. v. Brunswick Assocs. L.P., 507 U.S. 380, 388, 395 (1993)). Under the same rubric, the Court is well within its discretion to strike a party's pleading as untimely where the circumstances so warrant. *See*

Curran v. AMI Fireplace Co., 163 Fed. Appx. 714, 718 (10th Cir. 2006) (citing In re Young, 91 F.3d 1367, 1377 (10th Cir. 1996)); *see also* Ghamrawi v. Case & Assocs. Prop., Inc., 116 Fed. Appx. 206, 210 (10th Cir. 2004) (affirming district court's decision to deny fourth extension and grant summary judgment unopposed where counsel claimed that another litigation matter left insufficient time to prepare a response).

Here, the Court finds that, due to Plaintiffs' failure to file a timely and complete Response within the time specified by the Court, as well as their lack of diligence in correcting their error, Plaintiffs have waived their right to respond. Plaintiffs were granted ample additional time in which to prepare and file a Response to Defendant's Motion for Summary Judgment. Although counsel professed to having computer problems around the July 4 holiday which contributed to the delay, the primary reason given for needing multiple extensions was that counsel was too busy or "overwhelmed." The "usual excuse that the lawyer is too busy . . . can be used, perhaps truthfully, in almost every case." Md. Cas. Co. v. Conner, 382 F.2d 13, 17-18 (10th Cir. 1967). This is not a case of "excusable neglect," nor is it a particularly unique or exceptional case requiring extraordinary concessions.[1] Indeed, Plaintiffs' failure to file a timely and complete Response after being allowed 44 additional days to prepare is decidedly **inexcusable**. Defendant's Motion to Strike is GRANTED, and the Court shall consider Defendant's Motion for Summary Judgment to be unopposed, pursuant to Fed. R. Civ. P. 56(e).

The Court further finds that Plaintiffs are subject to sanctions. *See* LCvR7.2(f); *see also* Fed. R. Civ. P. 16(f) (allowing judge to impose sanctions for failure to comply with scheduling

---

[1] Nor is the situation discussed herein an anomaly for Plaintiffs' counsel. *See, e.g*, Annis, et al., v. Arrow Trucking Company, Case No. 04-CV-826-JHP(PJC).

order, including attorney fees and costs incurred because of said noncompliance).  In Ikerd v. Lacy, 852 F.2d 1256 (10th Cir. 1988), the court upheld an order dismissing the complaint and assessing monetary sanctions against a party for failure to appear at a scheduling conference, rejecting the same excuse proffered here that counsel was "too busy":

> Neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions.  Furthermore, being busy in another case does not justify missing a scheduled [deadline]. . . .  We are dealing with the matter most critical to the court itself: management of its docket and avoidance of unnecessary burdens on the tax-supported courts, opposing parties or both.  The primary purpose of sanctions in this context is to insure reasonable management requirements for case preparation.  The secondary purpose is to compensate opposing parties for inconvenience and expense incurred because of noncompliance with the reasonable management orders of the court.

Id. at 1258-59 (internal citations, quotations and alterations omitted).  Accordingly, Plaintiffs here shall pay all attorney fees and costs incurred by Defendant in connection with Plaintiffs' delinquent Response.  Defendant shall submit evidence of same within 30 days from the entry of this Order.

IT IS SO ORDERED this 1st day of August 2006.

*[signature]*
James H. Payne
United States District Judge
Northern District of Oklahoma

5